# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CHRISTOPHER SADOWSKI,** *Plaintiff* § § § | |
| **v.** § § § | No. 1-23-CV-00527-DAE |
| **GLM OMNIMEDIA GROUP LLC d/b/a BLACK CHRISTIAN NEWS NETWORK ONE,** *Defendant* § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID A. EZRA
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Christopher Sadowski's Motion for Default Judgment, Dkt. 10. After reviewing Sadowski's motion and the relevant case law, the undersigned recommends that Sadowski's motion be granted.

### I.   BACKGROUND

Plaintiff Christopher Sadowski, a photographer, initiated this lawsuit against Defendant GLM Omnimedia Group LLC, a Christian-focused online multimedia platform, based on GLM's unlicensed publication of three of Sadowski's photographs. Dkt. 10, at 3-7. Sadowski, who has been widely published in multiple newspapers and magazines, created three photographs, "021518policecar12CS" ("First Photograph"), "051420ambulance9CS" ("Second Photograph"), and "053020vandalism1CS" ("Third Photograph"). *Id.* at 2-7. Sadowski registered the First Photograph with the U.S.

1

Copyright Office on March 31, 2018, and the Second and Third Photographs on July 2, 2020. *Id.* at 7.

In June 2022, after Sadowski's copyright registration of the First Photograph, GLM published the First Photograph on its website to illustrate an article titled "Bronx Man Arrested After Allegedly Attacking His Father with Pencil on Father's Day." Dkt. 10, at 8. On May 24, 2020, after Sadowski's copyright registration of the Second Photograph, GLM published the Second Photograph on its website to illustrate an article titled "Scientists walk back prediction that US could be coronavirus-free by fall." *Id.* at 8-9. On June 1, 2020, after Sadowski's copyright registration of the Third Photograph, GLM published the Third Photograph on its website to illustrate an article titled "St. Patrick's Cathedral desecrated with protest graffiti." *Id.* at 9-10. Sadowski states that GLM was not licensed to use or display the three photographs, nor did it receive permission from Sadowski to use the photographs. *Id.* at 10. Sadowski also alleges that GLM removed credits to Sadowski as the author/creator of the three photographs, an attribution known in the industry as a "gutter credit." *Id.* at 3-6.

Sadowski discovered that GLM used the three photographs on July 15, 2022, May 27, 2020, and June 6, 2020, respectively. Dkt. 10, at 11. Following these discoveries, Sadowski sent an infringement notice to GLM to notify it of the impermissible use of the photographs and sent GLM at least four subsequent emails, which Sadowski alleges were ignored. *Id.* at 11.

Following his attempts to notify GLM of its unauthorized use of the photos and negotiate a licensing agreement, Sadowski sued GLM on May 11, 2023, for copyright infringement under 17 U.S.C. § 501 for reproducing, distributing, and publicly displaying the two photographs for its own commercial purposes. Dkt. 1, at 11-13. GLM did not respond to the suit by the answer deadline of June 1, 2023, and has not appeared before this Court. Accordingly, Sadowski has filed the instant Motion for Default Final Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. 10, at 1.

## II.      LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Sadowski's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Sadowski's complaint sets forth facts sufficient to establish that he is entitled to relief; and (3) what form of relief, if any, Sadowski should receive. *United States v. 1998 Freightliner Vin #:*

*1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### III. DISCUSSION

#### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against GLM. Because GLM has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). GLM's failure to appear and respond has ground the adversary process to a halt, prejudicing Sadowski's interest in pursuing his claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: GLM was properly served and has failed to appear and participate

at all, much less timely file a responsive pleading. *See* Dkt. 5. There is no indication that the default was caused by a good faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Sadowski's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Sadowski's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Sadowski asserts a cause of action against GLM for copyright infringement. Dkt. 1, at 11-13. For Sadowski to prevail on his claim copyright infringement, he must show that: (1) he owns a valid copyright and (2) GLM copied constituent elements of

5

his work that are original. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). Further, section 106 of the U.S. Copyright Act states that "the owner of copyright under this title has the exclusive rights … to authorize … [reproduction of] … the copyrighted work in copies [and to distribute] … copies … of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending …." 17 U.S.C. § 106.

Sadowski has demonstrated the elements of his claim. Sadowski owns the registered copyrights to the photographs at issue. Dkt. 10, at 7. GLM violated the exclusive rights granted to Sadowski as a copyright owner as provided in § 106 of the Copyright Act by copying, reproducing, uploading, downloading, and publicly displaying the copyrighted photographs to a global audience through its website, without ever obtaining a license or consent from Sadowski. *Id.* at 10.

Sadowski's factual allegations and the record before the undersigned are enough to raise Sadowski's right to relief above a speculative level as to all of his claims against GLM. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted as to an entry of judgment on all counts.

### C. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

1. Copyright Damages

Sadowski posits that his actual damages are $12,600. Dkt. 10, at 18. He arrives at that number by comparing his recent licensing history and approximating what GLM's annual licensing rate would have been had GLM lawfully licensed the photographs. *Id.* Sadowski argues that GLM's inaction and refusal to participate in this lawsuit has prevented him from discovering any profits from GLM that would be recoverable pursuant to 17 U.S.C. § 504(b) in addition to Sadowski's actual losses. Accordingly, the undersigned finds that actual damages are insufficient due to GLM's refusal to appear and participate in discovery, warranting the award of statutory damages.

The Copyright Act allows a plaintiff alleging copyright infringement to recover statutory damages in an amount between $750 and $30,000 per infringement as the

7

court deems just, in lieu of actual damages and profits at any time before final judgment. 17 U.S.C. § 504(c)(1). The Court has "virtually unfettered" discretion to set an amount it considers just within the statutory range. *Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012). If the infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Sadowski argues that GM's willful infringement justifies a multiplier of three times the $12,600.00 actual damages sum for a total of $37,800.00. Dkt. 10, at 20. While the Copyright Act does not define the term "willful," according to the Fifth Circuit, a defendant acts "willfully" within the meaning of the Act when the infringer "knows his actions constitute an infringement," even if the actions were not malicious. *See Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988). In copyright infringement cases, statutory damages should be awarded in an amount sufficient to deter future copyright infringement by making compliance less costly than violation. *EMI Apr. Music Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 625 (N.D. Tex. 2008); *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013) ("Ultimately, statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct.").

Sadowski argues that GLM's infringement was willful for two reasons: (1) GLM failed to answer his complaint and appear in this lawsuit, necessitating his request for default judgment despite his numerous attempts at contact; and (2) GLM

appended its own copyright disclaimer at the bottom of the webpages it published with Sadowski's photos. Dkt. 10, at 15-16. Sadowski argues that the inclusion of GLM's own copyright disclaimer alongside his work suggests both an objective awareness of the importance of copyrighting its own original content and an attempt to claim copyright ownership over Sadowski's photos. *Id.* The undersigned agrees that GLM's use of the photos and display of the photos next to its own copyright disclaimer despite attempts at contact by Sadowski (including calls and sending a copy of the draft complaint) indicates that GLM's infringement was willful. *Id.* at 16. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194, 2013 WL 1828671, at *12-13 (N.D. Tex. May 1, 2013) (finding willfulness where defendant copied plaintiff's registered work, removed the associated copyright management information, and asserted ownership on its own website by including a copyright notice).

Based on the foregoing, the undersigned finds that an award based on Sadowski's proposed licensing fee with a willfulness enhancement is appropriate. Here, the undersigned finds that given the proposed licensing fee, the deterrent purpose of statutory damages, and GLM's willful conduct in infringing Sadowski's copyright, a statutory damages award of $27,000.00 is reasonable. Such an amount is sufficient to penalize GLM's willful conduct and deter GLM and similar entities from engaging in this type of infringement of copyrighted materials in the future.

2.   Attorneys' Fees

Sadowski also seeks to recover its reasonable and necessary attorneys' fees and costs. Dkt. 10, at 22-23. Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against a party.... [T]he court may also award a reasonable attorney's fee to pay the prevailing party as part of the costs." The factors considered when deciding to award attorneys' fees include the "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994). Fee awards in copyright infringement cases are the rule rather than the exception and should be awarded routinely. *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004); *Canopy Music Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 917-18 (E.D. Wis. 1997) (awarding attorneys' fees award on a motion for default judgment).

Upon entry of a final judgment, Sadowski is the prevailing party in this action. In view of the willful nature of the GLM's infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorneys' fees is appropriate. Sadowski has established that he has incurred $3,617.50 in attorneys' fees and costs. Dkt. 10, at 22. The undersigned recommends granting Sadowski these fees and costs in full.

### 3. Sadowski's Request for Permanent Injunction

Sadowski also seeks a permanent injunction against GLM. Dkt. 10, at 23-24. A plaintiff seeking a permanent injunction must generally satisfy a four-factor test: (1) the plaintiff has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate compensation; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) a permanent injunction would not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). All four factors weigh in favor of granting a permanent injunction against GLM.

Sadowski has demonstrated that he has suffered an irreparable injury in demonstrating that GLM has used his copyrighted photographs for its own commercial benefit. Further, monetary damages are insufficient as the possibility of harm to the market value of the Sadowski's work constitutes irreparable harm sufficient for a permanent injunction since other competing publications may not want to obtain a license to Sadowski's work if it is already associated with a competing publication and has been previously published. While GLM appears to have taken down the disputed photographs, the balance of hardships nevertheless weighs in Sadowski's favor because GLM has not appeared in this lawsuit. The public interest factor also weighs in favor of an injunction because the public interest would be undermined if GLM's improper conduct is allowed to continue. Accordingly, a permanent injunction is warranted.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Sadowski's Motion for Default Final Judgment against GLM, Dkt. 10. Sadowski should be awarded statutory damages in the amount of $27,000.00, costs and attorneys' fees in the amount of $3,617.50, and court costs. Further, GLM should be permanently enjoined from using, reproducing, or displaying Sadowski's photographs. The referral of this case should now be **CANCELED.**

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED November 2, 2023.

                                                            DUSTIN M. HOWELL

                                        UNITED STATES MAGISTRATE JUDGE